HALL LACE COMPANY

*v.*

LAWRENCE JAVES et al.

[Decided October 16th, 1909.]

1. The case of *Jersey City* v. *Cassidy, 63 N. J. Eq. (18 Dick.)* 759 was examined and followed in this suit.

2. Where the question is whether the restraint should be continued against the labor union defendant as well as against the body of its members, and the sole objection to the injunction is that it is unnecessary, and the objection is urged because of the erroneous notion that the vacation of the injunction is a "vindication" of the defendants, who have been subjected to its operation, comparatively slight evidence of the usefulness or necessity of the injunction is sufficient to sustain it until the final hearing.

On motion for an injunction to restrain complainant's operatives and their labor union from causing complainant's employes to break their contracts of service and from preventing, by intimidation, &c., persons willing to be employed by complainant from entering into its service, &c.

*Mr. Thomas G. Haight,* for the motion.

*Mr. Pierre F. Cook, contra.*

STEVENSON, V. C.

In the above-stated cause I have not examined closely the terms of the restraining order, inasmuch as no criticism of them has been made by counsel for the defendants. The restraint seems to follow substantially the form prepared by me in the similar case of *Jersey City* v. *Cassidy, 63 N. J. Eq. (18 Dick.)* 759, a typographical error being corrected. The word "to," which is the first word in the second line on page 760, should be stricken out, and a comma inserted in place thereof.

It is conceded that the restraint may properly be continued against a large number of the individual defendants, in all fifteen, as my notes indicate. These men are members of the defendant union, The Chartered Society of Amalgamated Lace Operatives of America. The only question which remained for determination by the court at the conclusion of the last argument was whether the restraint should be continued against the union as well as against this substantial body of its members. I have re-examined the case, and especially the affidavits to which counsel particularly called my attention, and my conclusion is that there is enough of a case made out to make it proper that the injunction should stand against the union. This conclusion is reached with the principles in view which I have heretofore stated in *Jersey City* v. *Cassidy, supra,* and in other cases controlling the maintenance of an injunctive order in situations like the one now presented to the court. When defendants do not claim that the injunction restrains them from doing anything which they have a right to do, or which they desire to do— when the sole objection to the injunction is that it is unnecessary, and the objection is urged because of the erroneous notion that the vacation of the injunction is a "vindication" of the defendants, who have been subjected to its operation, comparatively slight evidence of the usefulness or necessity of the injunction is sufficient to sustain it until the final hearing. Even if the injunction should be dissolved the defendants are not "vindicated," but stand charged with wrong-doing until the final hearing, when, if they are innocent, their "vindication" will come.